**XIN WENG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2337.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 8, 2009.

Filed: Dec. 16, 2009.

Xin Weng, New York, NY, pro se.

Linda Y. Cheng, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Justin R. Markel, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner Xin Weng, a native and citizen of China, seeks review of a final order

---

1. Appellee's Motion for taxation of costs in connection with preparation of the Supple- mental Appendix is denied.

of removal. Because we conclude that the Immigration Judge's ("IJ") adverse credibility determination is supported by substantial evidence, and that Weng has failed to establish eligibility for relief under the Convention Against Torture ("CAT"), we find no error in the Board of Immigration Appeals' ("BIA") decision dismissing Weng's appeal. As a result, we will deny the petition for review.

## I

In August 2006, Weng entered the United States without being admitted or paroled. He was placed in removal proceedings, and he conceded removability. To block his removal, Weng sought asylum, withholding of removal and CAT relief. Weng alleged that, if removed, he would be persecuted on account of his membership in Falun Gong. At a hearing before the IJ, Weng testified that in January 2002, he was arrested in China for distributing Falun Gong literature, and that he was beaten while in detention. He also testified that, while he was incarcerated, village officials attempted to force him to admit that Falun Gong is an evil cult, and that upon his release he was made to stand in place for three hours with a sign around his neck that said "Falun Gong is an evil cult." Weng testified that a similar incident that occurred in December 2002, when he was arrested for distributing Falun Gong pamphlets, and then stripped of his clothes and beaten with a belt by village officials.

The IJ denied all relief, finding that Weng lacked credibility and sufficient corroboration of his allegations. Alternatively, the IJ found that Weng had failed to demonstrate past persecution on account of his membership in Falun Gong. The IJ also found that Weng could not demonstrate prospective persecution, as "there is nothing in the record to substantiate that the [Weng] is currently a practitioner" of Falun Gong or that he "could not

relocate to another part of his country where he would not likely be persecuted." (A.R.43.) The IJ also found that Weng's CAT claim was meritless because "he has not submitted ... proof with regard to the [torture] of persons who have left the country illegally." (A.R.47.) The Board of Immigration Appeals ("BIA") adopted the IJ's adverse credibility determination, and dismissed the appeal. Weng filed a petition for review.

## II

Our jurisdiction to review final orders of removal is governed by 8 U.S.C. § 1252(a). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). "[W]hen the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review adverse credibility determinations for substantial evidence. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002). Because Weng filed his asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which an adverse credibility finding is based need not go the heart of his claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n. 5 (3d Cir.2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Weng's demeanor, the plausibility of his story, and on the consistency of his statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

## III

We conclude that the IJ's adverse credibility determination is supported by substantial evidence. The BIA summarized the bases for the IJ's adverse credibility determination as follows:

(1) the respondent's asylum application and affidavits from his father and friend provided that he was detained in 2005, while the respondent attested that he was only detained in 2002; (2) it is somewhat implausible that the respondent was in hiding for 3 years before leaving China, as he attested but omitted from his asylum application; and (3) the respondent attested that officials visited the respondent's father asking about the respondent, but the respondent's father's letter makes no mention of this.

(A.R.4.) Weng's arguments in his brief that the inconsistencies noted by the BIA resulted from either his "narrow understanding in his asylum application," or from others' mistakes ("[b]ecause that detention is the Petitioner's personal experience, and the Petitioner was not aware of the reason why his friend did not provide a correct date of his detention, so [sic] this inconsistency is not the Petitioner's fault"), are insufficient to demonstrate that the IJ's adverse credibility determination is not supported by substantial evidence. Weng has also failed to demonstrate eligibility for CAT relief, as he merely alleges that he will be subject to "torture" in passing without much explanation. Moreover, the alleged beatings in detention, for which Weng did not require medical attention, do not rise to the level of "severe physical or mental pain or suffering." *See Pierre v. Att'y Gen.*, 528 F.3d 180, 186 (3d Cir.2008) (en banc).

Accordingly, we will deny the petition for review.